[L. A. No. 9547. Department One.—December 27, 1928.]

CRESCENT BED CO. (a Corporation), Respondent, v. J. H. JONAS, etc., Appellant.

E. F. Gerecht and I. B. Benjamin for Appellant.

Derthick & Hull, Theodore T. Hull and William J. Cusack for Respondent.

CURTIS, J.—The complaint in this action is in two counts. In the first the plaintiff sought to recover the balance due upon an open book account for goods, wares and merchandise sold by plaintiff to defendant in an amount of $1,427.78; the second count was for damages sustained by

plaintiff by reason of the negligent care given by the defendant to a consignment of wire bed-springs, shipped by the plaintiff to defendant and kept by the latter at his place of business. The amount of damages claimed under the second count was the sum of $2,490.54. The court gave judgment in plaintiff's favor for the sum of $1,373.57 under the first count, and the full amount sued for under the second count. The defendant has appealed.

The objection made by defendant to the judgment under the first count is that the cause of action stated therein is based upon an open book account for goods, wares and merchandise sold by the plaintiff to the defendant, but that at the trial the plaintiff failed to produce or offer in evidence any books of account showing said indebtedness. There was no dispute at the trial but that the appellant had purchased said goods, wares and merchandise at the price stated in the complaint. The only controversy between the parties as to the amount claimed to be due respondent under the first cause of action arose over certain offsets, which the appellant claimed he was entitled to and which he was not credited with in the account. Eight of these items, which appellant claimed as offsets to the respondent's account, amounting to $1,373.57, the court disallowed, and gave judgment for respondent under the first cause of action for said sum of $1,373.57, the precise amount of these eight items claimed by appellant as offsets. No question was raised during the trial that plaintiff had failed to produce its books of account, and there was ample evidence before the trial court to the effect that the account sued on was an open book account. This evidence was received without objection by the defendant, and was sufficient to prove the open book account upon which the cause of action set forth in the first count was based.

As to the judgment rendered upon the second cause of action, defendant claims that there was no evidence to justify the findings upon which the judgment rests. It was claimed by plaintiff that defendant had stored a consignment of wire bed-springs on a platform in defendant's yard and allowed them to remain there for a long period of time without any covering or protection against the weather, with the result that the springs became covered with rust, and were accordingly greatly damaged. Defendant admitted that

he had stored the springs upon said platform and that they were left in the open air without any covering against the weather. While there was some evidence that the springs, at the time they were delivered to the defendant, were in a damaged and rusty condition, there was a large amount of evidence contrary thereto. A number of witnesses testified that the springs were in good condition and free from rust at the time they were delivered to defendant. There was no question but that at the time the springs were removed from defendant's place of business they were in a damaged condition by reason of their being covered with rust at that time. This evidence was sufficient to support the finding of the trial court that the bed-springs had been damaged by reason of the negligence and carelessness of the defendant.

Defendant also objects to the manner in which the trial court arrived at the amount of damages sustained by the plaintiff by reason of defendant's negligence in caring for said springs. A portion of said springs, after their removal from defendant's place of business, on account of their then damaged condition, was sold at fifty cents on the dollar, and the balance at forty-four cents on the dollar. The court found what the reasonable market value of the springs would have been had they not been damaged, and deducted from this amount the amount for which the springs were sold, and gave plaintiff judgment for the difference in these two amounts. It was further found that the amount for which they had been sold was their reasonable market value in their damaged condition at the time the springs were removed from defendant's premises. We find no objection, legal or otherwise, to the computing of plaintiff's damage by this method. The springs were delivered to defendant on consignment and, as claimed by him, the relation of bailor and bailee existed between him and the plaintiff in reference to them. He was therefore required to use reasonable care in protecting the springs from damage while in his possession. For the breach of this obligation he would be liable in damages in an amount which would compensate the plaintiff for the detriment proximately caused by the defendant's failure to perform this obligation (Civ. Code, sec. 3300). This amount would be the difference between the reasonable market value of the springs in good condition and that in which they were at the time they were removed from de-

fendant's premises. This method, as we have already noted, was the method adopted by the court in fixing the amount of damages sustained by plaintiff. In this connection the defendant contends that there was no evidence as to the market value of springs in good condition at the time said springs were removed from defendant's place of business, nor was there any evidence as to the market value of the springs in their damaged condition. There is no merit in either of these suggestions. There was positive evidence of the reasonable market value of the springs in their damaged condition, and there was also evidence, equally satisfactory as to the value of springs, free from rust or other damage, at the time in question.

The judgment is affirmed.

Preston, J., and Seawell, J., concurred.